IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RA-PTAH W. KHUFU,<br><br>           Plaintiff,<br><br>    v.<br><br>STATE OF DELAWARE,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>) Civ. No. 23-493-CFC<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM ORDER**

At Wilmington, this 3rd day of July in 2025,

WHEREAS Plaintiff Ra-Ptah W. Kufu, currently housed at Howard R. Young Correctional Institution (HRYCI), in Wilmington, Delaware, initiated this action in May of 2023 by filing a complaint *pro se* (D.I. 2), and Plaintiff paid the filing fee in full in September of 2023;

WHEREAS, in January and February of 2024, the District Judge previously assigned to this matter ordered Plaintiff to show cause for failure to timely serve Defendant, as Federal Rule of Civil Procedure 4(m) required Plaintiff to do, but Plaintiff filed no response to the Show Cause Order, so this the complaint was dismissed and this case was closed (D.I. 18, 19);

WHEREAS, in April of 2025, the previously assigned District Judge reopened this case, but to date, Plaintiff still has not effected service on Defendant (D.I. 27);

WHEREAS Plaintiff's complaint (D.I. 2) is subject to this Court's *sua sponte* review and dismissal at any time upon a determination that the pleading is frivolous or malicious, fails or state a claim, or seeks monetary relief from defendants who are immune from such relief, pursuant to 28 U.S.C. § 1915A(b);

WHEREAS, at this early state of the case, this Court accepts the facts alleged in Plaintiff's *pro se* pleading as true, draws all reasonable inferences in his favor, and asks only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim, *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021);

WHEREAS, absent consent, States, their agencies, and state officials acting in their official capacities are not viable defendants in federal civil rights suits, pursuant to Eleventh Amendment sovereign immunity and the meaning of "person" in 42 U.S.C. § 1983, *see P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) ("Absent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court.'"); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that 42 U.S.C. § 1983 does not create a cause of action against a State or its officials acting in their official capacities); and

WHEREAS Defendant State of Delaware has not waived its sovereign immunity under the Eleventh Amendment, rendering it immune from this suit,

*see, e.g., Jones v. Att'y Gen. of Delaware*, 737 F. App'x 642, 643 (3d Cir. 2018) (per curiam);

THEREFORE, it is HEREBY ORDERED that the Complaint (D.I. 2) is **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915A(b)(2), based on defendant's immunity;

It is FURTHER ORDERED that Defendant State of Delaware is **DISMISSED** with prejudice as a party to this action;

It is FINALLY ORDERED that Plaintiff is **GRANTED** leave to file an amended complaint, naming a viable defendant, or viable defendants, **on or before August 29, 2025**; and

**Failure to comply with this Order will result is case closure**.

                                                                                           _____
                                                                                                   Chief Judge