IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RA-PTAH W. KHUFU,           )
                            )
    Plaintiff,              )
                            )
v.                          )   Civ. No. 23-493-CFC
                            )
WILMINGTON POLICE           )
DEPARTMENT, *et al.*,       )
                            )
    Defendants.             )

**MEMORANDUM ORDER**

Plaintiff Ra-Ptah W. Khufu, who is currently housed at Howard R. Young Correctional Institution (HRYCI) in Wilmington, Delaware, has filed an amended complaint *pro se* in the above-captioned civil action. (D.I. 33.) The amended complaint is subject to this Court's *sua sponte* review and dismissal upon a determination that the pleading is frivolous or malicious, fails to state a claim, or seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915A(b). At this early state of the case, this Court accepts the facts alleged in Plaintiff's *pro se* pleading as true, draws all reasonable inferences in his favor, and asks only whether the amended complaint, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

The amended complaint asserts Fourth Amendment claims arising from an undated traffic stop and arrest in Wilmington. (*See* D.I. 33.) "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). According to the amended complaint, Detective McNamara traffic stopped Plaintiff "for a turn signal," and then when McNamara asked for Plaintiff's "license and registration," Plaintiff produced his passport instead of a driver's license. (D.I. 33 at 1.) Because failing to use turn signals and driving without a driver's license are traffic violations, the foregoing does not suggest that McNamara either initiated, or prolonged, the traffic stop without a sufficient basis for doing so.

The amended complaint goes on to allege that McNamara then asked Plaintiff to step out of his vehicle, at which time Plaintiff's "firearm was visible on [his] waist." (*Id.* at 2.) McNamara then asked Plaintiff if he could search his vehicle, and Plaintiff said "yes." (*Id.*) Since it was permissible for McNamara to ask Plaintiff to step out of his vehicle during the traffic stop and search Plaintiff's vehicle with Plaintiff's consent, the foregoing does not suggest that any subsequent arrest was made in violation of Plaintiff's rights. Without more, Plaintiff's Fourth Amendment

claim against McNamara warrants dismissal for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).

The amended complaint also names the Wilmington Police Department as a defendant. (*See* D.I. 33.) A municipal defendant, like the Wilmington Police Department, can only be liable for federal civil rights violations when constitutional injuries result from the implementation or execution of officially adopted policies or informally adopted customs. *See Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978)). The amended complaint includes no such allegations. (*See* D.I. 33.) As such, Plaintiff's claims against the Wilmington Police Department also warrant dismissal for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).

In an abundance of caution, Plaintiff will be granted one final opportunity to cure the deficiencies discussed above and state a claim upon which this Court may grant relief in a second amended complaint. Among other things, a second amended complaint must include a date of occurrence and state whether the false arrest alleged resulted in Plaintiff's current incarceration.

THEREFORE, on this 10th day of November 2025, it is HEREBY ORDERED that the amended complaint (D.I. 33) is **DISMISSED** without prejudice to filing a second amended complaint in accordance with this Order **on or before December**

10th, 2025. Filing a second amended complaint that fails to state a claim upon which this Court may grant relief may result in dismissal with prejudice and case closure. Conversely, filing no second amended complaint will result in case closure.

_____
Chief Judge